UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

ANTHONY FARINA,

                Plaintiff,

                                        ORDER

    - against -

                                        CV 2005-5465 (FB)(MDG)

SECURITIES INDUSTRY AUTOMATION CORP.,

                Defendant.

- - - - - - - - - - - - - - - - - - - -X

    Plaintiff asserts claims for disability discrimination and seeks to recover damages, <u>inter alia</u>, for his "mental anguish, humiliation and loss of confidence in his professional abilities..." Complaint ¶ 24. Defendant has moved to compel plaintiff to submit to a mental examination conducted by Dr. Stuart Kleinman, who intends to conduct an examination for up to eight hours and to videotape the interview. Ct. doc. 11. Although not disputing defendant's right to conduct an examination, plaintiff objects to the length and scope of the examination, as set forth in his motion for a protective order. Ct. doc. 14.

    After considering the submissions, this Court orders as follows.

    1. <u>Length of Examination</u>. Defendant has submitted an affidavit from Dr. Kleinman (ct. doc. 18-2) explaining that the duration of an interview will depend on a number of factors,

including the patient's past history and noting, based on review of records beginning from 2002, that the plaintiff has a "significant Psychiatric and Stressor History." Id. ¶ 8. Dr. Kleinman's explanation that a lengthier psychiatric history would necessitate a longer examination inquiry makes sense, as does his opinion that plaintiff's past history would be relevant to the assessment of plaintiff's current mental condition. Under these circumstances, this Court is reluctant to interfere with Dr. Kleimman's determination should he would need up to eight hours to conduct an examination. See Simpson v. University of Colo., 220 F.R.D. 354, 363 (D. Colo. 2004) (deferring to psychiatrist as to length and potential subjects of examination); Warrick v. Brode, 46 F.R.D. 427, 428 (D. Del. 1969) ("The examining doctor is, in effect, an 'officer of the court' performing a non-adversary duty).

Further, even though plaintiff argues that he does not intend to call an expert to testify on his behalf and alleges no special psychological injuries, the fact remains that he has received substantial mental treatment for more than six years. Defendant is entitled to counter through expert testimony any evidence that plaintiff may present regarding treatment received or any contention that plaintiff was emotionally injured by defendant's conduct.

  2. Medical Records. Related to the issue of questioning by Dr. Kleinman as to plaintiff's psychiatric history is the extent

of medical records he should be able to examine before conducting the interview. At a conference on July 21, 2006, this Court limited the authorizations to the period beginning 2002, three years before the time that defendant allegedly failed to accommodate plaintiff's disability, to the present. In doing so, this Court accepted the argument of plaintiff's counsel that plaintiff's past psychiatric history has little to do with plaintiff's claim of emotional distress here and found that three years before the incident in question would suffice to provide a baseline. However, Dr. Kleinman's affidavit makes clear that the temporal limitation on discoverable medical records has hampered his assessment of plaintiff's mental condition. Thus, this Court, sua sponte, raises the question whether this Court's order limiting the time frame for authorizations for psychiatric records should be reconsidered. Affording Dr. Kleinman the opportunity to review all of plaintiff's psychiatric records may enable Dr. Kleinman to conduct a more meaningful interview in a more efficient manner. Plaintiff's response should be filed by August 22, 2006 and defendant's reply by August 28, 2006.

In addition, this Court does not find that plaintiff's complaint that he felt harassed during his deposition a ground to limit questioning by Dr. Kleinman. Even if defense counsel had been confrontational or asked irrelevant questions during the deposition, this does not mean that Dr. Kleinman will do the same. On the contrary, Dr. Kleinman indicates in his affidavit

that he does not press his interviewees and encourages them to take breaks.  In fact, this Court found, after reviewing audio recordings of an interview conducted by Dr. Kleinman in another case, that he interviewed an infant plaintiff with sensitivity and in a professional manner.

    3.  <u>Videotaping</u>.  Although some court have permitted the videotaping of independent mental examinations, this Court agrees with the reasoning of the courts that have not.  <u>See</u> <u>EEOC v. Grief Bros. Corp.</u>, 218 F.R.D. 59, 63-64 (W.D.N.Y. 2003); <u>Stoner v. New York City Ballet Company</u>, No. 99 Civ. 0196 (BSJ)(MHD), 2002 WL 31875404 at *6 (S.D.N.Y. Dec. 24, 2002) (defendant's request to permit Dr. Kleinman to videotape interview denied); <u>Baba-Ali v. City of New York</u>, No. 92 CIV. 7957, 1995 WL 753904, at *2-*4 (S.D.N.Y. Dec. 19, 1995); <u>Tirado v. Erosa</u>, 158 F.R.D. 294, 295 (S.D.N.Y. 1994); <u>Tomlin v. Holecek</u>, 150 F.R.D. 628, 631 (D. Minn. 1993).  As these courts have found, whether addressing efforts by defendant or by plaintiff's counsel to videotape an interview, the interjection of counsel and videotape equipment is unduly intrusive.  <u>Id.</u>  However, should Dr. Kleinman choose to do so, he may make an audio recording of the interview.  <u>Stoner</u>, 2002 WL 31875404 at *6.  Given the fears expressed by plaintiff regarding potential harassment, recording the interview in the least intrusive manner provides a record that this Court may review, if necessary, while affording Dr. Kleinman some means of augmenting his observations.  However, any audiotape made shall

be for the use of only Dr. Kleinman and may not be disclosed to counsel.  <u>Id.</u>

**SO ORDERED.**

Dated:   Brooklyn, New York
         August 15, 2006

                                        _/s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE